Docusign Envelope ID: 517FC39F-8A5B-4C5D-9E8D-398C11A188A9

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | | |
|---|---|---|
| NICHOLAS VAIL, on behalf of himself and all others similarly situated, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:22-cv-00354-DJH |
| vs. | ) | |
| | ) | |
| SWIFT PORK COMPANY, | ) | |
| d/b/a JBS USA | ) | |
| | ) | |
| Defendant. | ) | |

---

## SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered into this _____ day of _____, 2025, by and between Swift Pork Company, a Delaware corporation ("Swift"), on the one hand, and Nicholas Vail as an individual and each member of the proposed class as defined below (collectively, "Plaintiff"), on the other hand, subject to and conditioned on preliminary and final approval by the United States District Court for the Western District of Kentucky (the "Court").

WHEREAS:

A.    The Definitions in Section 2 and other terms defined in this Settlement Agreement are incorporated by reference in these introductory sections.

B.    Swift owns and operates a pork processing plant at 1200 Story Avenue in Louisville, Kentucky (the "Facility" or "Swift Facility").

C.    Plaintiff alleges that he and the Class Members have suffered damages because of the Facility's operations.

Docusign Envelope ID: 517FC39F-8A5B-4C5D-9E8D-398C11A188A9

D.      Plaintiff, on behalf of himself and the putative Class, filed this class action against Swift on July 11, 2022.

E.      Swift vigorously denies all allegations of wrongdoing or liability made in the Litigation. Swift considers it desirable, however, to enter into this Settlement Agreement without in any way acknowledging any fault or liability, and solely for the purpose of terminating this Litigation to avoid the cost, expense, inconvenience, uncertainty, distraction, time, and effort required to continue to defend such complex, burdensome, and protracted litigation, and to permit the continued operation of its affairs free from the tangible and intangible expenses of the Litigation and the distractions and diversions to itself and its key personnel.

F.      This Settlement Agreement and all related documents are not, and shall not, be construed as an admission or concession by Swift of any fault or liability or wrongdoing, any deficiencies, faults, errors or omissions of any nature whatsoever of or by Swift or any of the Swift Releasees, and shall not be offered as evidence of any such liability or wrongdoing in this or any future proceeding. Moreover, this Settlement Agreement and all related documents are not and shall not be construed as an admission or concession by any Swift Releasee of acquiescence to class certification in any case other than this case's settlement class for settlement purposes only. The Parties agree that the facts and circumstances of this case are unique, and accordingly, the Parties agree that this Settlement Agreement, settlement, and acquiescence to a settlement class by the Swift Releasees are for settlement purposes only and will apply only to the facts and circumstances of this case and should not be considered in any other case or set of facts.

G.      Class Counsel are familiar with the claims being settled and the defenses asserted. Class Counsel has conducted a thorough investigation relating to the claims and underlying events and transactions alleged in the Complaint.

H.     Class Counsel believes that the Litigation has substantial merit. However, Class Counsel recognizes and acknowledges that the expense and duration of continued proceedings necessary to prosecute the Litigation against Swift through trial and appeals may be a costly, time-consuming undertaking. Class Counsel has also considered, among other things, the strengths and uncertainties of the claims asserted in the Litigation and the substantial benefits to be conferred on the Class by the settlement set forth in this Settlement Agreement. Class Counsel, therefore, has determined that the settlement set forth in this Settlement Agreement is in the best interests of the Class.

I.     Counsel for the Parties have engaged in intensive, arms-length negotiations through the mediation process concerning the settlement of Plaintiff's claims against Swift.

J.     This Settlement Agreement and related documents are not and shall not be construed as an admission or concession by Plaintiff or Swift regarding the merits of Plaintiffs claims.

K.     The Parties intend for the proposed settlement described in this Settlement Agreement to completely resolve, release, and forever discharge all claims that are or could have been alleged concerning airborne emissions of odors and air particulates from the Swift Facility asserted in the Complaint, except for any claims expressly reserved herein.

NOW THEREFORE, intending to be legally bound hereby, and in consideration of the promises, mutual covenants, and conditions contained herein, IT IS STIPULATED, CONSENTED TO AND AGREED as follows, by and among the Parties, through the undersigned attorneys on behalf of their respective clients and the Class, for the purposes of settlement only and subject to the approval of the Court under Federal Rules of Civil Procedure 23(e):

Docusign Envelope ID: 517FC39F-8A5B-4C5D-9E8D-398C11A188A9

1.  <u>Settlement</u>

   The Litigation of all claims alleged or that could have been alleged by Plaintiff and the Class Members concerning the odor emissions from the Facility (as further set forth and refined in the Release and Covenant sections below) for which a release is being given pursuant to Section 9 shall be finally and fully settled, compromised and dismissed on the merits, with prejudice and without costs (except as set forth herein), subject to the approval of the Court, in the manner and upon the terms and conditions stated in the Settlement Agreement. Neither the settlement nor this Settlement Agreement shall constitute or be an admission for any purpose by Defendant or any other person or be deemed evidence of any violation of any statutes, ordinances, regulations, permit conditions, or laws, or an admission of any wrongdoing or liability by Defendant. Moreover, neither this settlement nor this Settlement Agreement shall constitute or be an admission for any purpose by Defendant or any other person of acquiescence to class certification in any case other than this Litigation's settlement class for settlement purposes only. The Parties agree that the facts and circumstances of this Litigation are unique, and, as such, the Parties agree that this Settlement Agreement, Settlement, and acquiescence to a settlement class on the part of the Swift Releasees are for settlement purposes only and will apply only to the facts and circumstances of this Litigation and should not be considered in any other case or set of facts.

2.  <u>Definitions</u>

   As used herein, the following terms shall have the meanings stated in this Section:

   a.  "Administration of Settlement" or "Settlement Administration" means provision of the required Notice, receiving, assisting, and maintaining claims and proofs of claims, calculating, and verifying claims, and overseeing the distribution of the Settlement Fund.

Docusign Envelope ID: 517FC39F-8A5B-4C5D-9E8D-398C11A188A9

b.  "Claims," for purposes of Section 8 of the Agreement, means any and all charges, civil or administrative actions, complaints, claims, grievances, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, penalties, fees, pain and suffering, mental anguish, emotional distress, expenses (including attorneys' fees and costs actually incurred), and punitive damages, of any nature whatsoever, whether in law or in equity and whether based on any federal law, state law, common law or foreign law right of action or otherwise, foreseen or unforeseen, matured or unmatured, known or unknown, accrued or not accrued.

c.  "Class" and "Class Members" refers to the Proposed Class as identified below:

**All owner/occupants and renters of residential property residing within one (1) mile of the Facility's property boundary at any time from July 11, 2020, to the present.**



d.  The "Class Action" shall mean the lawsuit captioned *Nicholas Vail, on behalf of himself and all others similarly situated v. Swift Pork Company d/b/a JBS USA*, filed in the United States District Court for the Western District of Kentucky, which was assigned Case No. 3:22-cv-00354-DJH.

Docusign Envelope ID: 517FC39F-8A5B-4C5D-9E8D-398C11A188A9

e.  "Class Area" shall mean the area within a geographic area certified by the Court for the purpose of this Settlement Agreement and specifically delineated in the Class Area Map attached as Exhibit A.

f.  "Class Counsel" shall mean Steven D. Liddle, Esq., Laura L. Sheets, Esq., and D. Reed Solt, Esq., and the law firm of Liddle Sheets P.C. and Matthew J. White, Esq., and the law firm of Gray & White.

g.  The "Class Period" shall mean the period of time between July 11, 2020, and the Effective Date.

h.  "Cooling Off Period" means that for a period of thirty-six (36) months after the Effective Date that no Class Member can bring a lawsuit or legal proceeding asserting or alleging any claim or cause of action arising from or relating to odors or particulate matter alleged to arise from or relate to the Facility, except any claims expressly preserved herein. The Cooling Off Period shall not prevent claims from accruing during this time but shall serve only as a bar to the initiation of litigation.

i.  "Cooling-Off Period Termination Date" shall mean the last day of the Cooling Off Period: which is thirty-six (36) months after the Effective Date.

j.  The "Court" shall mean the United States District Court for the Western District of Kentucky.

k.  "Defendant" or "Swift" shall mean Swift Pork Company as Defendant in this Litigation.

l.  "Effective Date" means the date on which the Final Judgment and Order approving the Settlement becomes Final, and the date on which this Settlement becomes binding as to all Parties.

Docusign Envelope ID: 517FC39F-8A5B-4C5D-9E8D-398C11A188A9

m. The "Facility" or "Swift Facility" shall mean the Swift Pork Company pork processing facility at 1200 Story Avenue in Louisville, Kentucky.

n. "Final" means the latest of the following dates:

    i. The deadline for filing or noticing of any appeal from the Final Judgment and Order, which is, thirty days after the entry of the Final Judgment and Order, calculated in accordance with Federal Rule of Civil Procedure 6(a), if no appeal is timely filed;

    ii. The date of final affirmation of any appeal, the deadline for filing petitions for writs of certiorari, and, if certiorari is granted, the date of final affirmation following review pursuant to that grant; or

    iii. The final dismissal of any appeal or proceeding on certiorari.

o. The "Final Judgment and Order" means an order and judgment of the Court substantially in the form attached as Exhibit B (or a modified version of that exhibit acceptable to all Parties) concerning, among other things, the certification of the Class for settlement purposes only, the notice program to the Class, the approval of the settlement, and the terms and processes for the submission of proofs of claim and the disbursement of the Settlement Fund.

p. "Household(s)" shall mean all individuals or groups of persons simultaneously living in any particular occupied parcel(s) of residential property within the Class Area at any time during the Class Period.

q. "Improvement Measures" shall mean Swift's actions and expenditures at the Facility and operations as described in Section 7.

r. The "Litigation" shall mean the above-captioned Class Action.

s.  The "Named Class Representative" shall mean Plaintiff Nicholas Vail.

t.  The "Notice" shall mean the Proposed Notice of Settlement of Class Action and Settlement Hearing, the form and content of which shall be jointly approved by the Parties and submitted to the Court for approval as an exhibit to Plaintiff's forthcoming Motion for an Order on Notice/Preliminary Approval. A summary of the Notice shall also be published in a newspaper of general circulation.

u.  "Opt Out" means a Class Member who submits a timely and valid notice of his/her/their request for exclusion from the Class in substantially the form and within the time set forth in the Notice approved by the Court. If any Class member opts out of the Class, he or she will not be a Settlement Class Member, will receive no payment under this Settlement Agreement, and will not be bound by the Release.

v.  "Opt Out Period" means the period ending thirty (30) days after mailing of the Class Notice, unless a different period is ordered by the Court, in which Class Members may exercise their right to opt out of the Class and this Settlement Agreement.

w.  "Order on Notice/Preliminary Approvals" means an order of the Court, substantially in the form attached as Exhibit C.

x.  The "Parties" shall mean Named Class Representative Nicholas Vail and Defendant Swift Pork Company.

y.  The "Plaintiff" shall mean and include each and all Class Members and the Named Class Representative.

z.  The "Preliminary Approval Date" shall mean the date upon which the Court enters the Order on Notice/Preliminary Approval.

Docusign Envelope ID: 517FC39F-8A5B-4C5D-9E8D-398C11A188A9

aa. "Qualified Settlement Fund" shall mean a banking account to be established by Class Counsel for the receipt of the Settlement Funds under the Internal Revenue Code. See 26 C.F.R. 1.468B-1.

bb. "Released Claims" shall mean any Claims subject to the Release described in Section 9 of this Agreement.

cc. "Residence(s)" shall mean any parcel(s) of residential real property consisting of any type of habitable structure, including a home, duplex, apartment, trailer, group home, institution or temporary housing or shelter, located within the Class Area occupied at any point during the Class Period and fitting the description approved by the Court in the Order and Notice of Class Certification.

dd. "Settlement Agreement" means this Settlement Agreement made and entered by the Parties in the Litigation and all exhibits attached to it.

ee. "Settlement Class Member" means any Class Member who does not opt out of the settlement and, therefore, participates in the settlement of this Litigation and is bound by the Release contained in Section 8, including but not limited to any Class Member who receives any portion of the Settlement Fund.

ff. "Settlement Fund" means the payment made by Swift to Class Counsel in accord with Section 5 of this Settlement Agreement plus any accrued interest.

gg. "Settlement Hearing" or "Settlement Fairness Hearing" means a hearing pursuant to Federal Rules of Civil Procedure Rule 23 scheduled to determine, among other things, whether the settlement of the Litigation is fair, reasonable, and adequate.

hh. The "Swift Releasees" shall mean and include Swift Pork Company, Swift's current, former, or future parents, subsidiary and affiliated corporations and other business

Docusign Envelope ID: 517FC39F-8A5B-4C5D-9E8D-398C11A188A9

entities, and all of their respective employees, contractors, officers, directors, investors, shareholders, members, partners, insurers, attorneys and representatives.

ii. The "Total Settlement Value" means the settlement package described herein, which consists of (i) the Settlement Payment of $500,000 in cash and (ii) approximately $430,000 in Facility Improvement Measures.

3. Submission of Settlement to the Court

a. As soon as practicable after the execution of this Settlement Agreement, Plaintiff shall move the Court for entry of an Order on Notice/Preliminary Approvals, in a form to be agreed upon by counsel for the Parties.

b. Within ten (10) days of the date Plaintiff moves for entry of the Preliminary Approval Order and consistent with 28 U.S.C. § 1715(b), the Defendant shall send notice of the proposed class action settlement to (i) the U.S. Attorney General's office, as the appropriate Federal official, and (ii) the Director of the Louisville Metro Air Pollution Control District ("LMAPCD"), as the appropriate State official. At least seven (7) days before the Fairness Hearing, Defendant shall submit an affidavit or declaration to the Court confirming that these notices were timely sent. In accordance with 28 U.S.C. § 1715(d), an order granting final approval of a proposed settlement may not be issued until at least 90 days after the later of the dates on which the appropriate federal official and the appropriate state official are served with the notice required by that statute.

c. If the Court preliminarily approves this settlement, Notice shall be given to the Class in a form and manner jointly approved by the Parties, in accordance with the

Docusign Envelope ID: 517FC39F-8A5B-4C5D-9E8D-398C11A188A9

Notice specifications approved by the Court in its Order on Notice/Preliminary Approvals.

d.  On a schedule to be discussed with and set by the Court at the hearing on the motion for Preliminary Approval, Plaintiff shall file a request for the Court to enter a Final Judgment and Order, substantially in the form attached as Exhibit B. In conjunction with Plaintiff's request for entry of a Final Judgment and Order, Class Counsel shall provide the Court with copies of all Opt-Outs received, copies of any objections received by Class Counsel but not filed with the Court, and any other documents the Court may request.

e.  The Settlement Fairness Hearing shall be held to determine whether the settlement embodied in this Settlement Agreement shall be finally approved as fair, reasonable, and adequate and whether the terms and conditions shall be approved. Plaintiff shall apply to the Court for approval of the settlement and shall file such documents with the Court as his counsel or the Court deems necessary.  At or before the Settlement Fairness Hearing, proof of mailing of the Notice shall be filed by Class Counsel.

f.  At the time Plaintiff files a request for entry of a Final Judgment and Order, Class Counsel may apply to the Court for an award of attorneys' fees not to exceed one third (1/3) of the total settlement value, along with reimbursement of costs and expenses including settlement administration and notice fees (all of which will be borne by Class Counsel).  Swift agrees to take no position concerning Class Counsel's application for fees and costs as outlined above but may respond to inquiries from the Court.  Plaintiff and Class Counsel agree not to appeal any award.

Docusign Envelope ID: 517FC39F-8A5B-4C5D-9E8D-398C11A188A9

Any such award of attorney fees and reimbursement of costs and expenses shall be paid exclusively from the Settlement Fund.

g.  If (i) the Order approving the fees, costs, and expense award to Class Counsel is reversed or modified on appeal and (ii) the fees, costs, and expense award has been paid from the Settlement Fund, then Class Counsel shall deposit the fees, costs, and expenses into the Settlement Fund with interest consistent with the reversal or modification.  It is agreed that the procedure for and the allowance or disallowance by the Court of any applications for attorneys' fees, costs, expenses and interest, including the fees of experts and consultants, are not consideration for this Settlement Agreement, and any order or proceeding relating only thereto shall not operate to terminate, cancel, or affect the finality or effect of this Settlement Agreement.

h.  All matters relating to the Administration of Settlement, including but not limited to payment to Class Counsel for their fees, costs and expenses, plus interest and disbursement to the Class from the Settlement Fund, shall proceed in accordance with this Settlement Agreement, as approved by orders of the Court.

i.  If the Court does not enter the judgments and orders provided for above (excluding any orders regarding Class Counsel attorney fees and costs), or if the Court enters such judgments and orders and appellate review of any of these judgments or orders is sought (excluding any orders regarding Class Counsel attorney fees and costs), and during such review, any such judgment or order is modified (excluding any orders regarding Class Counsel attorney fees and costs), then this Settlement Agreement shall be canceled and terminated, subject to the provisions of this

Settlement Agreement, unless each Party within thirty (30) days of the date of the

mailing of such ruling to the Parties, provides written notice to all other Parties of

its intent to proceed with the settlement. Notice of intent to proceed with the

settlement may be provided on behalf of the Class by Class Counsel, and Defendant

may provide notice of intent to proceed with the settlement to Class Counsel. It is

the intention of the parties that any appeals or denials of any requests for

reimbursement of Class Counsel attorney fees and costs shall not in any way affect

or serve as a reason to terminate this Settlement Agreement.

j.   The Parties' obligations to proceed with the settlement are expressly conditioned

on:

    i.   the Court's preliminary approval of this Settlement Agreement;

    ii.  No Party having exercised its right, pursuant to Section 6 of this Settlement

Agreement, to terminate the Settlement Agreement prior to the Settlement

Fairness Hearing based on the number of Opt-Outs received during the Opt-

Out Period exceeding the threshold level;

    iii. the Court's entry of the Final Judgment and Order overruling any

objections; and

    iv.  the Final exhaustion of rights of appeal as to such Final Judgment and

Order.

If any of these conditions fail, and if both Parties do not elect to proceed

with a settlement, the Parties shall return to litigation as if no conditional

settlement had ever existed.

Docusign Envelope ID: 517FC59F-8A5B-4C5D-9E8D-398C11A188A9

k.   If the settlement does not occur for any reason, including any of the reasons
specified in subsection (j) above, this Settlement Agreement shall be of no force
and effect and shall be void, and Swift shall have no obligation to pay the Settlement
Fund or to make the Facility Improvement Measures. If the Settlement Agreement
is terminated or fails to take effect, or if the settlement is voided for any reason,
after Swift has made the Settlement Fund payment, the Settlement Fund shall be
repaid to Swift as provided by this Settlement Agreement.

l.   Neither the Settlement nor this Settlement Agreement shall constitute or be an
admission for any purpose by Swift, the Swift Releasees, or any other person, nor
shall it be deemed evidence of any violation of any statutes, ordinances, regulations,
permit conditions, or laws, or an admission of any wrongdoing or liability by Swift
or the Swift Releasees. In addition, neither the settlement nor this Settlement
Agreement shall constitute or be an admission or concession by Swift or the Swift
Releasees of acquiescence to class certification in any case other than this case's
settlement class for settlement purposes only. The Parties acknowledge that the
facts and circumstances of this case are unique. As such, the Parties agree that the
alleged facts reflected in, and forming the basis of, this Settlement Agreement,
settlement, and acquiescence to a settlement class on the part of the Swift Releasees
are for settlement purposes only and will apply solely to the facts and circumstances
of this case and should not be considered as an admission of facts or law in any
other case or set of facts.

Docusign Envelope ID: 517FC39F-8A5B-4C5D-9E8D-398C11A188A9

4.  Class Certification

    a.  Plaintiff shall concurrently move the Court for (i) an order certifying the Class for settlement purposes only and (ii) for preliminary approval of this Settlement.

    b.  Solely for the purposes of this Settlement, Swift will not object to the Court's certification of the Class pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), contingent upon the Court's approval of the Settlement.

    c.  Solely for the purposes of this Settlement, Swift consents to the appointment of the Named Class Representative and Class Counsel as Representatives of the Class.

    d.  Subject to Court approval under Rule 23(e) of the Federal Rules of Civil Procedure, payment and other consideration paid or provided by Swift in accordance with this Settlement Agreement shall constitute the full and final settlement of the Litigation. As of the Effective Date, Swift and the Swift Releasees shall have no further liability or obligation to any member of the Class (by virtue of their status as a Class Member) except as specifically set forth in this Settlement Agreement or in the Final Judgment and Order.

    e.  Swift expressly reserves the right to oppose class certification on any and all grounds if this settlement is not fully approved by the Court, is reversed on appeal, or fails to take final effect for any reason pursuant to this Settlement Agreement.

5.  Settlement Payment

    a.  Within thirty (30) business days of the Final Judgment and Order becoming Final, Swift agrees to pay Liddle Sheets P.C. a total of Five Hundred Thousand Dollars ($500,000) (the "Settlement Payment," creating the "Settlement Fund") by check

Docusign Envelope ID: 517FC39F-8A5B-4C5D-9E8D-398C11A188A9

or wire transfer into a Qualified Settlement Fund account established by Class Counsel pursuant to the Internal Revenue Code. *See* 26 C.F.R. 1.468B-1.

b.  Class Counsel shall seek reimbursement for attorneys' fees and out-of-pocket costs as approved by the Court from the Settlement Fund. All such payments to Class Counsel shall be made exclusively out of the Settlement Fund.

c.  Subject to the Court's approval, a one-time lump sum payment or incentive award of no more than five thousand dollars ($5,000) shall be paid to the Named Class Representative from the Settlement Fund for his efforts on behalf of the Class, in addition to any distribution or payment he may receive by virtue of his status as a Settlement Class Member.

d.  The remaining amount of the Settlement Fund after deducting any attorneys' fees, litigation expenses, and incentive award permitted by the Court shall be divided equally on a per-Household basis among all Settlement Class Members who timely submit settlement claim forms that are approved by Class Counsel, as further explained in Section 6.

e.  Subject to the approval of the Court, no payment from the Settlement Fund to Class Counsel, the Named Class Representative, or any Settlement Class Members shall be made until on or after the Effective Date. All claim checks are valid for one hundred eighty (180) days, after which they will become null and void. Any replacement checks that may be issued are valid for only the original 180-day period.

f.  If the Court's approval of the settlement or Settlement Agreement is reversed on appeal, or if the Settlement Agreement fails to become effective for any other

Docusign Envelope ID: 517FC39F-8A5B-4C5D-9E8D-398C11A188A9

reason, then the Settlement Fund, including all accrued interest or savings, shall be
returned within ten (10) business days to Swift.

g.  Class Counsel shall conduct all required and necessary work for Administration of
Settlement, and all costs and expenses for the Notice and Administration of
Settlement shall be borne by Class Counsel. Swift and the Swift Releasees shall
have no part in, responsibility, or liability for the Administration of Settlement and,
therefore, are hereby released from, and shall be indemnified by Class Counsel for,
any claims related to such administration. To the extent that Class Counsel complies
with all Court orders concerning the Administration of Settlement, Class Counsel
is released from any liability in connection with the Administration of Settlement,
except for any proven willful misconduct.

6.  <u>Claims, Opt-Outs, and Objections</u>

Class Members seeking to object to or opt out of this Settlement Agreement must notify
Class Counsel in strict compliance with the requirements specified in the Class Notice.  For opt-
outs, failure to do so will result in the potential Settlement Class Member remaining part of the
Settlement Class and, to the extent the settlement is approved, being bound by the Settlement
Agreement.  For objections, failure to do so may result in the Court disregarding the objection, and
to the extent the settlement is approved by the Court, all objecting Settlement Class Members will
be bound by the Settlement Agreement.  All opt-outs and objections must be in writing and
postmarked no later than thirty (30) days after the date that notice is mailed to the Class Members.

Within fourteen (14) days of this mailing deadline, Class Counsel shall distribute copies of
such opt-outs and/or objections to counsel for Defendant.  At least seven (7) days before the
Settlement Fairness Hearing, Class Counsel shall file all objections received from or on behalf of

Docusign Envelope ID: 517FC59F-8A5B-4C5D-9E8D-398C11A188A9

Settlement Class Members and file a proposed Exhibit to the Final Judgment and Order with the Court identifying the Class Members who timely submitted proper opt out requests.

Notwithstanding any other provision in this Settlement Agreement, if more than one hundred (100) Class Members have opted out of the settlement during the Opt-Out Period, in writing and in compliance with the Class Notice, then either Party may, at any time prior to the Settlement Fairness Hearing, terminate this Settlement Agreement, with immediate effect, upon written notice to the other Party. In that event, (i) the terminating Party will promptly notify the Court of the termination, (ii) the Court's Preliminary Approval will be vacated by its own terms or upon the Parties' motion, (iii) the Litigation will revert to the status that existed before this Settlement Agreement's execution and the Litigation will proceed as if the Settlement Agreement had never been negotiated or executed, and (iv) no term or draft of this Settlement Agreement, or any part or aspect of the Parties' settlement discussions, will be admissible into evidence, for any purpose, in this Litigation or in any other proceeding.

Class Members shall have forty-five (45) days from the date the Class Notice is mailed to submit a claim form in compliance with the terms specified in the Class Notice and on the Claim Form itself. Subject to the reasonable discretion by Class Counsel, Claim Forms will be approved by Class Counsel if the claimant meets the requirements set forth in the Class Notice and Claim Form, including providing all required documentation of identity and property interest. Class Counsel may, but is not obligated to, provide additional time for claimants who fail to properly document their claim to remedy the deficiency. Class Counsel shall verify all deficient claims independently of the proofs submitted. If multiple claim forms are submitted for the same Household, all approved claims for that Household will only share in one pro rata share of the Settlement Fund. Each Household for which an approved claim is submitted shall share equally

Docusign Envelope ID: 517FC39F-8A5B-4C5D-9E8D-398C11A188A9

in the Settlement Fund after the deduction of such costs, attorney fees, and incentive awards as the Court may approve. Claim forms that do not meet the requirements set forth in this Agreement, the Notice, and/or claim form instructions shall be rejected. Where a good faith basis exists, Class Counsel may reject a Settlement Class Member's claim form for, among other reasons, the following:

    a. The Settlement Class Member fails to provide adequate support of their claims pursuant to a request of Class Counsel;

    b. Failure to fully complete and/or sign the Claim Form;

    c. Illegible Claim Form;

    d. The Claim Form is fraudulent;

    e. The Claim Form is duplicative of another Claim Form;

    f. The person submitting the Claim Form is not a Settlement Class Member, or is requesting that funds be paid to a person or entity that is not the Class Member for whom the claim is submitted;

    g. Failure to timely submit a Claim Form; and/or

    h. The Claim Form otherwise does not meet the requirements of this Settlement Agreement, the Class Notice, or the Claim Form Instructions.

7. <u>Facility Improvement Measures</u>

    a. Defendant shall implement, within one (1) year of the Effective Date, Facility Improvement Measures substantially similar to the following: purchase and installation of a new 5,000 lb/hr. continuous hydrolyzer to process hair, to reduce odor, and replace the Facility's current 4,000 lb/hr hair hydrolyzer, installed in

Docusign Envelope ID: 517FC39F-8A5B-4C5D-9E8D-398C11A188A9

1991, which is prone to failure and results in excess hair disposed of in the
dumpster.

b. The Parties agree that, as of the date of execution of this Settlement Agreement, the
approximate dollar value of these Facility Improvement Measures is approximately
four hundred, thirty thousand dollars ($430,000).

c. Defendant's obligation under this Section shall be limited to specific performance
of the Facility Improvement Measures. Nothing in this Section shall be construed
to give rise to any monetary obligation of Defendant to Plaintiff, any Class Member,
nor any other person, other than Defendant's obligation to make the Settlement
Payment pursuant to Section 5 of this Settlement Agreement.

d. The exclusive remedy for Defendant's breach of this Section shall be injunctive
relief and/or specific performance. Nothing in this Section shall be construed to
give rise to a claim by Plaintiff, any Class Member, or any other person for money
damages based on breach of this Section.

e. Nothing in this Section shall be construed to create any third-party beneficiary to
this Settlement Agreement or to grant any enforceable right to any person who is
not a Party to this Agreement or a Class Member.

8. <u>Cooling-Off Period</u>.

No Settlement Class Member including Named Class Representative may, before the
Cooling-Off Period Termination Date, initiate or maintain against any of the JBS Swift Releasees
any lawsuit or legal proceeding asserting or alleging any claim or cause of action for odors or
particulate matter arising from or relating to the Facility. Any claims that may accrue during that

time are not released under this Settlement Agreement, but they may not be asserted until after the Cooling-Off Period Termination Date.

9. <u>Release and Covenant Not to Sue</u>

    a. Subject to Court approval under Rule 23(e) of the Federal Rules of Civil Procedure, payment and other consideration paid or provided by Defendant in accordance with this Settlement Agreement shall constitute the full and final settlement of the Litigation. Upon the Effective Date, Defendant and other Swift Releasees shall have no further liability or obligation to any Settlement Class Member, Named Class Representative, or Class Counsel except as specifically set forth in this Settlement Agreement or in the Final Judgment and Order.  Upon the Final Judgment and Order becoming Final, each Settlement Class Member and the Named Class Representative, on behalf of himself and his heirs, executors, administrators, beneficiaries, predecessors, successors, assigns and each of them, and any of their former and present employees, directors, officers, accountants, agents, attorneys, representatives, affiliates, and subsidiaries, hereby forever and fully releases and discharges the Swift Releasees, as defined in Section 2, and each of them, and any of their former and present employees, directors, officers, accountants, agents, attorneys, insurers, investment bankers, representatives, affiliates, former or future parents, managing entities, subsidiaries, franchises, and each of their heirs, executors, administrators, beneficiaries, investors, shareholders, predecessors, successors, assigns and each of them of and from any and all Claims that the Named Class Representative and Settlement Class Members, or any of them, ever had, now have, or can have, or shall or may hereafter have either

Docusign Envelope ID: 517FC39F-8A5B-4C5D-9E8D-398C11A188A9

individually, or as a member of a class, against Swift and the Swift Releasees, or any of them, for, based on, by reason of, or arising from or in any way relating to the conduct alleged in the Litigation (the "Released Claims").

b. Nothing herein releases any Claim arising out of the violation or breach of the Settlement Agreement.

c. Notwithstanding any of the foregoing, Claims relating to a catastrophic event or discharge are not Released Claims. Additionally, Released Claims shall not be construed to include Claims for medical harm or personal injuries, if any, whether past, present, or future, and shall not bar claims arising from emissions of any kind occurring after the Effective Date. Such Claims are expressly reserved.

d. The Named Class Representative and Class Members, and each of them, on their own behalf and on behalf of each of their respective heirs, executors, administrators, beneficiaries, predecessors, successors, assigns, and any of their former and present employees, directors, officers, accountants, agents, attorneys, representatives, affiliates, and subsidiaries, covenant and agree not to sue or bring or assert any action, claim, or cause of action, in any jurisdiction, against Defendant or the Swift Releasees asserting any Claim released by this Settlement Agreement.

   i. <u>Covenant Not to Sue</u>. The Named Class Representative and Settlement Class Members, and each of them, on their own behalf and on behalf of each of their respective heirs, executors, administrators, beneficiaries, predecessors, successors, assigns, and any of their former and present employees, directors, officers, accountants, agents, attorneys, representatives, affiliates, and subsidiaries, covenant and agree not to sue or

Docusign Envelope ID: 517FC39F-8A5B-4C5D-9E8D-398C11A188A9

bring or assert or cause to be brought or asserted any action, claim, or cause of action, in any jurisdiction, against the Defendant Releasees asserting any claim released by this Settlement Agreement or precluded by the Final Judgment, or (b) asserting before the Cooling-Off Period Termination Date any claim or cause of action arising from or relating to odors or particulate matter alleged to arise from or relate to the Facility. Any claim brought in violation of this covenant shall be immediately dismissed by the forum in which it is brought. The Named Class Representative and Settlement Class Members, and each of them, on their own behalf and on behalf of each of their respective successors and assigns, or any other person or entity acting on their behalf, further covenant and agree not to seek, participate in seeking (in any form or fashion), or join in seeking monetary or other relief inconsistent with this Settlement Agreement.

10. Remedies for Breach

Upon the material breach by any Party of any provision of this Settlement Agreement, any Party may seek to enforce this Settlement Agreement and may seek injunctive relief and/or specific performance. Upon the material breach of any provision of this Settlement Agreement by any Settlement Class Member or the Named Class Representative, such person shall be liable to Swift, without regard to proof of actual damages, for the full amount such person received from the Settlement Fund.

11. Miscellaneous Provisions

a. All exhibits attached to this Settlement Agreement are fully incorporated herein, and each of which is a necessary part of the Settlement.

Docusign Envelope ID: 517FC39F-8A5B-4C5D-9E8D-398C11A188A9

b.  Waiver by any Party of any breach of this Settlement Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Settlement Agreement.

c.  This Settlement Agreement constitutes the entire agreement among the Parties, and no representations, warranties, or inducements other than those set forth herein have been made to any Party concerning this Settlement Agreement.  If finally approved by the Court, this Settlement Agreement supersedes any prior agreement or understanding among the Parties. No representations, warranties, inducements, promises, or agreements oral or otherwise not embodied or incorporated in this Settlement Agreement have been made concerning or in connection with this Settlement Agreement, or the attached exhibits.  Any and all prior discussions, negotiations, agreements, commitments and understandings relating to this Settlement Agreement are superseded hereby and merged into this Settlement Agreement.

d.  The terms or provisions of this Settlement Agreement may not be changed, waived, modified, or varied in any manner whatsoever unless in writing duly signed by all Parties; any such signed modification shall require approval of the Court without further notice to the Class unless required by the Court.  Any failure by any Party to insist upon the strict performance by any other Party of any of the provisions of this Settlement Agreement shall not be deemed a waiver of any of its provisions, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Settlement Agreement to be performed by such other Party.

Docusign Envelope ID: 517FC39F-8A5B-4C5D-9E8D-398C11A188A9

e.  Each attorney signing this Settlement Agreement on behalf of the Parties represents that he or she has authority from his or her client or clients to execute this Settlement Agreement on their behalf. Class Counsel agrees not to issue any press releases, press statements, or any other public communications regarding the Litigation or the Settlement, except for the Class Notice or other settlement related communication required by the Court. Class Counsel may post notice of the settlement on their website for purposes of notifying the Class. Class Counsel agrees that there will be no press releases related to this Settlement, and the Parties agree that any Party may request a date by which the notice of the settlement will be removed from Class Counsel's website. Class Counsel will have 30 days from the date of such request to remove the settlement notice from the website. Notwithstanding the above, the Parties will keep this Settlement Agreement, and its terms, confidential until the Settlement Agreement is filed in connection with a motion for Preliminary Approval by the Court.

f.  The Parties agree that they will not in any manner make any statements, publicly or otherwise, to any member of the media that disparage the other Party or Parties to this Litigation. Nothing in this section is intended to prohibit Plaintiff or any Class Member from communicating with entities with regulatory authority over the Facility, including but not limited to the LMAPCD, concerning the Facility to the extent that such are statements of fact.

g.  This Settlement Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one in the same document, provided that counsel for the Parties to this Settlement Agreement shall

Docusign Envelope ID: 517FC39F-8A5B-4C5D-9E8D-398C11A188A9

exchange among themselves original signed counterparts.  Electronic or pdf copies of signatures shall be sufficient for purposes of demonstrating original signatures.

h.  This Settlement Agreement shall be binding upon, and inure to the benefit of, successors and assigns of the Parties once it is approved by the Court and all other conditions have been met.

i.  Notices of breach or termination required by this Settlement Agreement shall be submitted either by first class mail, overnight delivery, or in person to each party signing this Settlement Agreement:

Defendant Swift Pork Company:

H. Max Kelln
Faegre, Drinker, Biddle & Reath LLP
300 North Meridian Street, Suite 2500
Indianapolis, IN 46204
h.max.kelln@faegredrinker.com

Settlement Class:

Laura L. Sheets
Liddle Sheets P.C.
975 E. Jefferson Avenue
Detroit, MI 48207
LSheets@LSCcounsel.com

j.  All terms of this Settlement Agreement shall be governed by and interpreted in accordance with federal law.  This Settlement Agreement shall be enforced exclusively in this Court. The Parties irrevocably consent to the jurisdiction of the Court over any suit, action, or proceeding to enforce this agreement, and agree to accept and acknowledge service of any and all process which may be served in any such suit, action, or proceeding, and waive any objections that each such Party may have or hereafter have to the venue of any such suit, action, or proceeding.

26

Docusign Envelope ID: 517FC39F-8A5B-4C5D-9E8D-398C11A188A9

k.   Without affecting the finality of the Final Judgment and Order to be entered upon
this Settlement, the Court shall retain such continuing jurisdiction as necessary and
appropriate to enforce the settlement and the Settlement Agreement, and to
administer the performance of the settlement in accord with its terms, including
allowing or disallowing applications for attorneys' fees and other payments,
determining and supervising distribution procedures related to the Settlement Fund,
identifying Class Members and their respective interests, if any, in the Settlement
Fund, sending notices to Class Members, reviewing disputes regarding claims
submitted, and distributing the Settlement Fund.

l.   Because of the arms-length negotiations described above, all Parties hereto have
contributed substantially and materially to the preparation of this Settlement
Agreement, which, therefore, shall not be construed against the drafter of it or any
portion of it.

m.   All personal pronouns used in this Settlement Agreement, whether used in the
masculine, feminine, or neutral gender, shall include all other genders, and the
singular shall include the plural and vice versa.

Dated: _____8/6/2025_____

Signed by:

*Nicholas Vail*

21655CA793D5432...

Plaintiff Nicholas Vail

Dated: _____8/8/2025_____

Signed by:

*Laura Sheets*

435FF0C047CF4B7...

Laura L. Sheets, Counsel for Plaintiff

Dated: 11 August 2025

Swift Pork Company

Dated: 11 August 2025

H. Max Kelln, Counsel for Defendant

# EXHIBIT 1-A

# CLASS AREA MAP



# JBS Swift & Co
Class Boundary Map

**Legend**
- 1 Mile Radius Class Boundary
- JBS Swift & Co

JBS Swift & Co

1 Mile Radius Class Boundary

N

3000 ft

Google Earth

# EXHIBIT 1-B

# PROPOSED FINAL APPROVAL ORDER

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF KENTUCKY LOUISVILLE
DVISION

| | | |
|---|---|---|
| NICHOLAS VAIL, on behalf of himself<br>and all others similarly situated, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:22-cv-00354-DJH |
| vs. | ) | |
| | ) | |
| SWIFT PORK COMPANY,<br>d/b/a JBS USA | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

_____

**[PROPOSED] FINAL ORDER AND JUDGMENT APPROVING CLASS ACTION
SETTLEMENT**

     In the Preliminary Approval Order dated _____, this Court scheduled a

Fairness Hearing for _____, 2025 at _____ __.m. to determine: (a) whether the proposed

settlement between Plaintiff Nicholas Vail, individually and on behalf of each member of the

Settlement Class, and Defendant Swift Pork Company d/b/a JBS USA, on the terms and conditions

set forth in the Class Action Settlement and Release Agreement (the "Agreement")[1] is fair,

reasonable and adequate, and (b) whether to enter a Final Order and Judgment Approving Class

Action Settlement (a proposed form of which was attached as Exhibit B to the Agreement).

Through the Preliminary Approval Order, the Court also ordered that the Class Notice (Exhibit C

to the Agreement) be mailed to the Class in accordance with the terms of the Settlement Agreement.

     The Fairness Hearing on the Agreement was duly held before this Court at which time all

interested persons were afforded an opportunity to be heard. This Court has duly considered all

_____

[1] Capitalized terms used herein but not defined shall have the meanings ascribed to them in the
Agreement.

1

submissions and arguments presented on the proposed settlement, including any objections or arguments against the settlement.

NOW, THEREFORE, THIS COURT FINDS, CONCLUDES, ADJUDGES AND DECREES THAT:

1.      The Court has jurisdiction over the parties, all Settlement Class Members and the subject matter of this litigation. The Class Action Settlement Agreement and Release (including exhibits) is hereby incorporated by reference in this Order.

2.      For purposes of implementation of this settlement and in accordance with the Settlement Agreement, the Court finally certifies the Settlement Class pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), defined as all owner-occupants and renters of residential property, at any point in the Class Period (1) whose property is located within one mile of the Defendant's Facility's property boundary. (See Exhibit 1 – List of Persons Opting Out of Class Action Settlement). The Court finds that the Settlement Class as defined is ascertainable, and satisfies the requirements of numerosity, commonality, typicality and adequacy of representation. The Court further finds that the proposed settlement satisfies the predominance and superiority requirements of Rule 23(b)(3).

3.      The settlement reached between Plaintiff Nicholas Vail, individually and on behalf of each member of the Settlement Class, and Defendant Swift Pork Company, on the terms and conditions set forth in the Agreement, is fair, reasonable, adequate, in the best interests of the Settlement Class, and is hereby approved.

4.      Plaintiff Nicholas Vail and Class Counsel, Steven D. Liddle, Laura L. Sheets, and D. Reed Solt and the law firm of Liddle Sheets P.C. and Matthew White of the law firm Gray & White have fairly and adequately represented the interests of the Settlement Class in this matter

and in its resolution. The Court hereby confirms their appointment as Class Counsel and Class Representative.

5.      This Order and Judgment is binding upon Plaintiff Nicholas Vail, the Settlement Class, and the Defendant. The agreement between the Parties to settle this case shall be consummated in accordance with the terms and conditions of the Agreement. The parties and Administrator are directed to carry out their obligations under the Agreement.

6.      The Class Notice served on the Settlement Class following entry of the Preliminary Approval Order constituted the best notice practical under the circumstances and is in compliance with the notice requirements of due process and Fed R. Civ. P. 23.

7.      The notice served on the appropriate Federal and State officials within ten days of filing the motion for preliminary approval is in full compliance with the provisions set forth in the Class Action Fairness Act, 28 U.S.C, § 1715, as confirmed by the declaration filed by the Defendant. This order is being entered more than 90 days after issuance of that notice.

8.      In approving this settlement, the Court gave due consideration to any objections, submissions and arguments presented against the proposed settlement, but the Court ultimately deems this settlement to be fair, reasonable, adequate, in the best interests of the Settlement Class. The Court has carefully considered all of the factors set forth in Fed. R. Civ. P. 23(e)(2).

9.      Upon the Final Settlement Approval, Plaintiff Nicholas Vail and the Settlement Class are (i) deemed to have released the claims within the scope of the Released Claims as defined in the Settlement and Release Agreement, and (ii) permanently enjoined from continuing to prosecute, or otherwise initiating, claims within the scope of the Released Claims.

10.      The Court finds that Class Counsel is entitled to attorneys' fees in the amount of $_____ from the Settlement Fund as specified in the Settlement and Release Agreement,

and that Class Counsel is additionally entitled to reimbursement from the Settlement Fund for litigation costs and expenses reasonably incurred in connection with the Action in the amount of $_____ as specified in the Settlement and Release Agreement. The Court awards an incentive award to the Plaintiff in the amount of $_____, to be paid from the Settlement Fund in accordance with the Settlement Agreement.

11.    All of the claims asserted in this lawsuit by Plaintiff Nicholas Vail, individually and on behalf of the Settlement Class, are dismissed with prejudice, each party to bear its own costs.

12.    This Court retains jurisdiction over all matters relating to the modification, interpretation, administration, implementation, effectuation and enforcement of the Settlement Agreement and this Order.


DATED: _____          BY:_____

# EXHIBIT 1-C

# CLASS NOTICE

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

***Vail  v.  Swift Pork Company d/b/a JBS USA (Case No.: 3:22-cv-00354-DJH)***
A Court authorized this notice.  This is <u>not</u> a solicitation from a lawyer.

**If you have been an owner-occupant or renter of any residential property located within the defined Class Area near the Swift Pork Company located at 1200 Story Avenue, Louisville, Kentucky ("Swift Pork") at any time since July 11, 2020, you may be a Class Member entitled to compensation.**

**Please read this Notice carefully, as it affects your legal rights. You can also visit or call:**
www.lsccounsel.com/swiftpork
1-800-536-0045

- A proposed settlement has been reached with the owner and operator of the Swift Pork Company d/b/a JBS USA ("Defendant") to resolve claims brought by the Named Plaintiff on behalf of the certified settlement class relating to the alleged emission of noxious odors from its pork processing facility. The proposed settlement has been memorialized in a written agreement between the parties (the "Settlement Agreement").
- If approved by the Court, the Settlement Agreement requires the Settlement Class Members to release property-related claims. The Agreement requires Defendants to pay $500,000 into a fund (the "Settlement Fund") for the benefit and advantage of the Settlement Class Members, meaning all who participate in and are bound by the proposed settlement, as further defined by the Settlement Agreement.
- This Class Notice explains the proposed settlement, your rights, the available benefits, and how to get them. As a potential Settlement Class Member, you have various options that you may exercise before the Court decides whether to approve the proposed settlement.
- The Court in charge of this case still has to decide whether to approve the proposed settlement.
- Your legal rights are affected whether you act or do not act.  Please read this Notice carefully.

| Your Legal Rights and Options in this Settlement | | Deadline |
|---|---|---|
| **SUBMIT A CLAIM FORM** | **The only way to get a cash payment.**<br>You must <u>timely</u> submit a valid Claim Form, which is attached. | Deadline to submit a Claim Form, on or before:<br>[DATE] |
| **EXCLUDE YOURSELF** | **Receive no payment. Get out of this lawsuit. Retain your right to sue Swift Pork Company d/b/a JBS USA.**<br>If you exclude yourself, you will <u>no longer</u> be a Class Member. This means that you will not be eligible for the benefits or relief in the Settlement. It also means that Class Counsel will not be representing you, and there are statutes of limitations that may bar your individual claims. | Deadline to Exclude yourself (Opt-Out), on or before: [DATE] |
| **COMMENT OR OBJECT** | **Write to the Court about why you do not like the Settlement.**<br>You must follow the procedures outlined below. You must remain a member of the lawsuit (you cannot ask to be excluded) to object to the Settlement. | Deadline to Comment or Objection, on or before:<br>[DATE] |

**Swift Pork Settlement**
Questions?  Call toll-free 1-800-536-0045; e-mail info@LSCcounsel.com or visit
www.lsccounsel.com/swiftpork

| | **You receive no payment. Remain bound by Settlement.** | |
|---|---|---|
| **DO NOTHING** | By doing nothing, you will not recover money from the Settlement. You will also be bound by the Settlement and give up your rights to sue Swift Pork Company d/b/a JBS USA or other affiliated persons or entities (defined as the "Swift Releasees" in the Agreement) separately about the same or similar legal claims in this lawsuit. | |

1.  **WHAT IS THIS NOTICE ABOUT?** This Class Notice is to inform you of the proposed settlement for a certified settlement class against Swift Pork Company ("Swift Pork") in the United States District Court for the Western District of Kentucky before the Honorable Regina S. Edwards. It summarizes your rights as set forth in the Settlement Agreement.

2.  **WHAT IS THE LAWSUIT ABOUT?** The lawsuit (*Vail v. Swift Pork Company d/b/a JBS USA (Case No. 3:22-cv-00354-DJH)*) was filed on July 11, 2022, and concerns the alleged emission of noxious odors from the pork processing facility. The lawsuit alleges that certain odor emissions in the area surrounding the pork processing facility occurred because of Defendant's conduct. The Named Plaintiff who filed the lawsuit alleged that these emissions have interfered with residents' ability to use and enjoy their homes and have negatively impacted home property values. Defendant has vigorously denied and continues to deny all claims of wrongdoing or liability arising out of the allegations and claims asserted in the lawsuit.

3.  **WHY IS THE CLASS ACTION BEING SETTLED?** The Court did not decide in favor of Plaintiff or the Defendant. Instead, all sides agreed to settle the claims in the lawsuit to avoid the cost and risk of trial. The proposed settlement does not mean that any law was broken or that the Defendant did anything wrong. The Defendant denies all legal claims in this case. The Named Plaintiff and their attorneys ("Class Counsel") believe that the proposed settlement is in the best interest of the Class.

**HOW DO I KNOW IF I'M PART OF THE PROPOSED SETTLEMENT?** You received this Notice because your address is likely located in or near the Class Area. You are a "Class Member" if you are, or were, an owner/occupant or renter of residential property located within the Class Area at any time since July 11, 2020. The defined Class Area is depicted on the map attached to the Settlement Agreement as Exhibit A, which can be accessed on the Settlement Website, at www.lsccounsel.com/swiftpork.

If you have questions about whether you are a Class Member, feel free to reach out to Class Counsel by email at info@lsccounsel.com, or by calling toll-free at 1-800-536-0045.

4.  **SUMMARY OF THE PROPOSED SETTLEMENT:** If the Settlement Agreement is approved by the Court, the Defendant will pay the total amount of $500,000 into the Settlement Fund for the benefit and advantage of Settlement Class Members, each of whom will release his or her claims as set forth in Paragraph 8 below. **You must complete the attached claim form to be eligible to receive compensation.** After the deduction of any court-approved payments: (a) to Class Counsel for attorneys' fees and the costs and expenses incurred in the case and (b) to the Named Plaintiff for bringing the lawsuit on behalf of the Settlement Class (which will be no more than $5,000 in total), the Settlement Fund will be evenly distributed among the households of all Settlement Class Members who submit a Claim Form approved by Class Counsel.

5.  **WHO ARE THE LAWYERS FOR THE SETTLEMENT CLASS AND HOW WILL THEY BE PAID?** The Court has appointed the following attorneys to represent you and the other Settlement Class Members: Laura L. Sheets, Steven D. Liddle, and D. Reed Solt of Liddle Sheets P.C., 975 E.

**Swift Pork Settlement**
Questions?  Call toll-free 1-800-536-0045; e-mail info@LSCcounsel.com or visit
www.lsccounsel.com/swiftpork

Jefferson Ave., Detroit, MI 48207 ("Class Counsel"). You may contact Class Counsel at (800) 536-0045 or info@LSCcounsel.com. You do not need to hire your own lawyer because Class Counsel is currently working on your behalf. But, if you want your own lawyer, you may hire one at your own expense.

Class Counsel has prosecuted this case on an entirely contingent basis, meaning that Class Counsel has not been paid for any of the work they have dedicated to litigating this case on your behalf so far. At the Settlement Fairness Hearing, Class Counsel will be seeking final approval of the Settlement Agreement. Class Counsel will also request that the Court award attorneys' fees in an amount not to exceed 1/3 from the total settlement value, in addition to any fees, costs, and settlement administration expenses. Class Counsel and Named Plaintiff also will seek approval of a payment of no more than $5,000 to the Named Plaintiff for their efforts in helping the Settlement Class achieve this Settlement Agreement.

6.    **CAN I GET PAID AND, IF SO, HOW MUCH?** Yes. Each Settlement Class Member who participates in the settlement may submit the attached Claim Form which, if approved by Class Counsel, will permit the Class Member's household to share, in an equal amount, in the remaining Settlement Fund.

To obtain payment from the Settlement Fund, you must do the following:

   A.    **Complete, sign and date the Claim Form** (they are enclosed with these materials). Keep a copy of the completed Claim Form(s) for your records; and

   B.    **Mail the appropriate Claim Form and your supporting documentation**, postmarked on or before **[DATE]**, to the following address:

Attn: Swift Pork Claims
Liddle Sheets P.C.,
975 E. Jefferson Ave.,
Detroit, MI 48207.

The documentation that must be contained with your Claim Form can be found on the Claim Form. If you lose the claim form that was mailed to you, additional claim forms are located at **www.lsccounsel.com/swiftpork.**

The actual amount of each payment to each household will depend, in part, on how many claims are submitted and approved. Accordingly, the amount a Class Member will receive will not be known until after all Claim Forms have been submitted and assessed and after final approval is granted. Class Counsel will determine the approved claim amount for a Class Member who has submitted a valid Claim Form based upon the total number of approved Claim Forms. The claim amount for each approved Claim will be calculated by dividing the net Settlement Fund (i.e., the balance remaining after attorneys' fees and expenses, and incentive payments have been distributed from the Settlement Fund) by the total number of addresses for which claims have been submitted.

7.    **WHAT IF I DON'T TIMELY MAIL A COMPLETED CLAIM FORM?** If you fail to submit the Claim Form on or before **[DATE]**, you will not get paid. You will be bound by the terms of the Settlement Agreement, including the release of claims against Defendant and affiliated persons/entities, unless you affirmatively opt out. Sending in a Claim Form late will be the same as doing nothing.

**Swift Pork Settlement**
Questions? Call toll-free 1-800-536-0045; e-mail info@LSCcounsel.com or visit
www.lsccounsel.com/swiftpork

8.     **HOW DO I TELL THE COURT THAT I LIKE OR DISLIKE THE PROPOSED SETTLEMENT?**  If you are a Class Member, you can tell the Court that you like the Settlement and it should be approved, or that you object to the Settlement if you do not like some part or all of it. The Court will consider all timely comments and objections from Class Members. To comment on or to object to the proposed Settlement, you must submit a written statement to Class Counsel at the address below, setting forth:

- Your legal name, current residential address, the address of the Settlement Class property, the timeframe when you resided in the Class Area, current contact telephone number, and signature;
- The reference "*Vail v. Swift Pork Company d/b/a JBS USA, Case No.: 3:22-cv-00354-DJH*";
- You may include documentary or physical evidence establishing your membership in the Class;
- A detailed statement of your objections, comments, and any supporting arguments, together with any supporting documents.

In order for the Court to consider your comments or objections, you must submit them, postmarked on or before [DATE], to Class Counsel at the following address:

Attn: Swift Pork Objections
Liddle Sheets P.C.,
975 E. Jefferson Ave.
Detroit, MI 48207

If you do not submit a written comment or objection on the proposed Settlement in accordance with the deadline and procedure set forth above, you may waive your right to be heard at the Fairness Hearing.

9.     **HOW DO I GET OUT OF THIS SETTLEMENT?**  To exclude yourself from the Settlement, you must send a letter by First Class U.S. mail to the Class Counsel that contains the following statement: "I WANT TO BE EXCLUDED FROM THE SETTLEMENT IN THE SWIFT PORK CLASS ACTION LITIGATION." You cannot exclude yourself on the phone or by e-mail. Be sure to include your full name, the address of the Settlement Class area property, signature, and the date. You must mail your exclusion request, postmarked **on or before [DATE]**, to: Attn: Swift Pork Opt Outs, Liddle Sheets P.C., 975 E. Jefferson Ave., Detroit, MI 48207.

10.    **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE PROPOSED SETTLEMENT?**  The Court will hold a Settlement Fairness Hearing on **[DATE AND LOCATION]**. At this hearing the Court will consider whether the Settlement Agreement and proposed settlement is a fair, reasonable, and adequate resolution of the lawsuit. If there are timely and properly submitted objections, the Court will consider them and any response the Parties may have. The Court may listen to people who have asked to speak at the hearing. At or after the hearing, the Court will decide whether to approve the Settlement Agreement and proposed settlement.

You do not have to attend the Settlement Fairness Hearing. Class Counsel will answer questions the Court may have, but you are welcome to attend at your own expense. If you timely and properly send an objection, you may attend the Settlement Fairness Hearing and talk about your objection, or you may have your own lawyer do so.  However, you do not have to attend even if you send an objection.

**Swift Pork Settlement**
Questions?  Call toll-free 1-800-536-0045; e-mail info@LSCcounsel.com or visit
www.lsccounsel.com/swiftpork

As long as you timely and properly sent your written objection, the Court will consider it even if you do not attend.

11.   **WHAT HAPPENS IF I DO NOTHING AT ALL?** If you do nothing at all, and you are a Settlement Class Member, you will be bound by the proposed settlement if the Court approves it. You will release your claims, and you will not receive any payment from the Settlement Fund. You may not sue Defendant for any past conduct that relates to impacts to odor emissions. However, you may bring any claims for medically diagnosed personal injuries, any future claims arising from emissions from the pork plant after the Effective Date, and any claims to enforce the terms of the Settlement Agreement.

12.   **WHAT HAPPENS IF THE COURT DOES NOT APPROVE THE PROPOSED SETTLEMENT?** If the Court ultimately does not approve the Settlement Agreement and the proposed settlement, or if the Court's approval is reversed on appeal or the Settlement Agreement is terminated, then the settlement shall become null and void. If the settlement becomes null and void, the case will proceed as though the Settlement Agreement was never entered into.

13.   **ARE MORE DETAILS ABOUT THE PROPOSED SETTLEMENT AND MY RIGHTS UNDER THE PROPOSED SETTLEMENT AVAILABLE?** This Class Notice is a summary and does not describe all details of the Settlement Agreement. For a complete, definitive statement of the terms of the Proposed Settlement, refer to the Settlement Agreement at www.lsccounsel.com/swiftpork.

**PLEASE DO NOT CONTACT THE COURT WITH QUESTIONS ABOUT THIS NOTICE.**

**Swift Pork Settlement**
Questions?  Call toll-free 1-800-536-0045; e-mail info@LSCcounsel.com or visit
www.lsccounsel.com/swiftpork

# EXHIBIT 1-D

# PROPOSED PRELIMINARY APPROVAL ORDER

# UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | | |
|---|---|---|
| NICHOLAS VAIL, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v | ) ) | Case No. 3:22-cv-00354-DJH |
| SWIFT PORK COMPANY d/b/a JBS USA | ) ) ) | |
| Defendant. | ) ) | |

---

## [PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT

Plaintiff Nicholas Vail, on behalf of each member of the Class, moved this Court pursuant to Rule 23 of the Federal Rules of Civil Procedure for an order preliminarily approving the proposed settlement of this lawsuit in accordance with the Settlement Agreement (the "Agreement")[1] filed with this Court, and the Court having read and considered the Agreement and all incorporated exhibits, and Plaintiff and Defendant having consented to the entry of this Order:

IT IS HEREBY ORDERED as follows:

1.      The Agreement, and all of its terms and conditions, is preliminarily approved as fair, just, reasonable and adequate, subject to further consideration at a Fairness Hearing.

2.      For purposes of settlement only, the Court conditionally certifies the settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3), which is defined under the Agreement as:

---

[1] Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Agreement.

1

**All owner/occupants and renters of residential property residing within one mile of the Facility's property boundary at any time from July 11, 2020, to the present.**

The Class Area is defined in the Agreement and is specifically delineated through the Class Area Map attached thereto as Exhibit A. The Class Period is defined in the Agreement and includes the period of time between and including July 11, 2020 through the Effective Date.

3.     The Court further finds that all of the requirements of Fed. R. Civ. P. 23(a) are satisfied for settlement purposes, in that the Settlement Class as defined is ascertainable, and satisfies the requirements of numerosity, commonality, typicality and adequacy of representation. The Court further finds that the proposed settlement satisfies the predominance and superiority requirements of Rule 23(b)(3).

4.     Plaintiff Nicholas Vail is appointed as representative of the Settlement Class, and Steven D. Liddle, Laura L. Sheets, D. Reed Solt, and the law firm of Liddle Sheets P.C. and Matthew White and the law firm of Gray & White are hereby appointed as Class Counsel. In accordance with the terms of the Agreement, Class Counsel shall be solely responsible for Settlement Administration, including by providing the required Notice and administering the claims process.

5.     The Court approves the form of the Notice (Exhibit C to the Agreement) and directs that Class Counsel shall serve the same upon the Settlement Class (by first class mail, postage prepaid to each reasonably available residential address within the Class Area) no later than twenty-one (21) days after the Court issues this Preliminary Approval Order.

6.     Also, within twenty-one (21) days after the Court issues this Preliminary Approval Order, Class Counsel shall cause a short form version of the Class Notice (in similar form to that

attached to the Agreement as Exhibit F) to be published in a newspaper of general circulation in the Class Area.

7.      The Notice, along with copies of the Agreement and the Claim Form (Exhibit E to the Agreement) may also be posted on a designated settlement website to be established by Class Counsel.

8.      The Court finds that service of the Settlement Notice in this manner constitutes the best notice practicable under the circumstances to members of the Settlement Class and complies fully with the provisions set forth in Federal Rule of Civil Procedure 23(e)(1) and any and all substantive and procedural due process rights guaranteed by the United States Constitution and any other applicable law. The Court further finds that the Notice clearly and concisely informs the Settlement Class of their rights and options with respect to the proposed settlement, in plain, easily understood language, in conformance with the requirements of Federal Rule of Civil Procedure 23.

9.      As provided for in the Notice, the Settlement Class shall be afforded the right to Opt-Out of the Settlement Agreement or object to the final approval of this Settlement. Settlement Class Members shall have until thirty (30) days after the mailing of the Class Notice to Opt-Out of the Settlement Class. Any Class Member who chooses to Opt-Out, and submits a timely and valid opt-out request in conformance with the terms of the Agreement, shall be excluded from the Settlement Class, shall have no rights under the Agreement, and shall not be bound by the release.

10.     Class Members who do not Opt-Out of the settlement shall have thirty (30) days after the mailing of the Class Notice to make any objections to the proposed settlement.

11.     Class Members shall have forty-five (45) days from the date Class Notice is mailed to submit a claim form in compliance with the terms specified in the Class Notice, and on the Claim Form itself.

12.     The Fairness Hearing is scheduled for _____ at which time the Court will consider the entry of the Final Judgment and Order (Exhibit B to the Agreement).

13.     Within fourteen (14) days after the opt-out and objection deadline but in no event later than seven (7) days before the Settlement Fairness Hearing, Class Counsel shall circulate copies of such opt-outs and/or objections to counsel for Defendant.

14.     At least fourteen (14) days in advance of the Fairness Hearing, Plaintiff shall submit a Motion for Final Approval of this Settlement, along with any request for attorneys' fees, incentive award(s), or reimbursement of litigation costs, including any costs associated with Settlement Administration. Plaintiff shall include with this Motion adequate proof of mailing and publication of the Notice.

15.     At least seven (7) days before the Fairness Hearing, or in conjunction with the Motion for Final Approval, Class Counsel shall file all objections received from or on behalf of Settlement Class Members and file a proposed "Exhibit 1" to the Final Judgment and Order to the Court identifying the potential Settlement Class Members who timely submitted proper opt-out requests.

16.     Within ten (10) days of the date Plaintiff moves for entry of the Preliminary Approval Order and consistent with 28 U.S.C. § 1715(b), the Defendant shall cause notice of the Agreement to be sent to (i) the U.S. Attorney General's office, as the appropriate Federal official, and (ii) the Director of the Louisville Metro Air Pollution Control District ("LMAPCD"), as the appropriate State official. At least seven (7) days before the Fairness Hearing, Defendant shall

4

submit an affidavit or declaration to the Court confirming that these notices were timely sent. In accordance with 28 U.S.C. § 1715(d), an order giving final approval of a proposed settlement will not be issued earlier than 90 days after the date on which the appropriate Federal and State officials were served with notice under 28 U.S.C. § 1715(b).

17.     All other events contemplated under the Settlement Agreement to occur after this Order and before the Settlement Fairness Hearing described in this Order shall be governed by the Settlement Agreement, to the extent not inconsistent herewith.

18.     All proceedings in the action other than such as may be necessary to carry out the terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto are stayed and suspended until further notice of this Court.

19.     Class Counsel is hereby appointed to coordinate and effectuate Administration of the Settlement.

IT IS SO ORDERED.


Dated: _____          _____

# EXHIBIT 1-E

# CLAIM FORM

# SWIFT PORK COMPANY d/b/a
# JBS USA CLAIM FORM

### CLASS ACTION SETTLEMENT

**GENERAL INSTRUCTIONS**

1. **THIS CLAIM FORM MUST: (a) BE POSTMARKED BY <mark>MONTH ##, 2025</mark> (b) BE FULLY COMPLETED, (c) ATTACH ALL REQUIRED DOCUMENTATION, (d) BE SIGNED BY YOU, AND (e) MEET ALL REQUIREMENTS OF THE SETTLEMENT AGREEMENT.**

2. In order to claim compensation from the settlement and to receive a payment from the Settlement Fund, a Settlement Class Member such as yourself must complete and return this Claim Form along with the requested documentation to Class Counsel: Attn: Swift Pork Claims, Liddle Sheets P.C., 975 E. Jefferson Ave., Detroit, MI 48207. If you fail to properly complete and timely return this Claim Form, your claim may be rejected, and you may be precluded from receiving any payment from the Settlement Fund, but you will still be bound by the Settlement Agreement if the Court approves it.

3. This Claim Form is directed to all Settlement Class Members as defined in the attached Notice of Pendency of Class Action Settlement (the "Class Notice").

4. IF YOU ARE NOT A SETTLEMENT CLASS MEMBER OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, FILED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM. YOU MAY NOT, DIRECTLY, OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER. THUS, IF YOU FILE A VALID REQUEST FOR EXCLUSION IN A TIMELY MANNER, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

5. It is important that you completely read the Class Notice that accompanies this Claim Form and the Settlement Agreement. The Class Notice and Settlement Agreement contain the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read the Class Notice and Settlement Agreement, including the terms of the releases made by you and the other Settlement Class Members.

6. Submission of this Claim For does not guarantee that you will get a share of the Settlement Fund. If the Court does not approve the proposed settlement, there will be no Settlement Fund or distribution from it. If the Court does approve the settlement, the distribution of the Settlement Fund will be governed by the claim procedures set forth in the Settlement Agreement or such other plan of allocation as the Court may approve.

7. You are required to submit copies of genuine and sufficient documentation in response to the requests contained in this Claim Form. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT DOCUMENTS TO RESPOND TO THESE REQUESTS. THE LACK OF DOCUMENTATION MAY RESULT IN REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. KEEP A COPY OF ALL DOCUMENTS THAT YOU SEND TO CLASS COUNSEL. Any documents you submit with your Claim Form will not be returned.

8. If you or anyone in your household timely and properly completes and submits this Claim Form and it is approved by Class Counsel, a check will be sent to your household for your payment from the Settlement Fund after the Court's approval of the settlement becomes final. You will have one hundred and eighty (180) days from the date of the check to cash it. Any uncashed checks after 180 days will become null and void and you or any other Settlement Class Member who fails to timely cash such a check will forever forfeit any claim to receiving any payment from the Settlement Fund.

9. Type or print legibly in blue or black ink.

SWIFT PORK CLAIM FORM

**Claimant's Identity**

Your Full Name (please print)

Your Spouse's Full Name (please print)

Current Mailing Street Address

Email Address

City, State Zip

(_____)

Daytime telephone number

**Eligibility**

I (1) own(ed) and occupied or (2) rent(ed) a residential property within the Class Area at some point in time from July 11, 2020, to the present ☐ Yes    ☐ No

**Claimed Address**

1. Is your affected address the same as your current address, above?  ☐ Yes    ☐ No

2. If no, please provide your claimed address within the Class Area:

Street Address

City, State Zip

**Proof of Identification**

You must attach to your Claim Form a copy of a government-issued photo identification to establish your identity and current address.  Please mark the box that identifies the requested enclosed item:

☐ Driver's License

☐ State Identification Card

☐ Other government-issued photo identification sufficient to prove your identity

**(Complete Other Side of Form)**

SWIFT PORK CLAIM FORM

**Claimed Address Status**

If you own(ed) or rent(ed) a residential property within the Class Area, mark the box that describes your interest in that property and attach the requested documents to your Claim Form.

☐ Owner/occupant  -  If marked, you *must* attach a copy of the deed or other documentation of ownership, such as a utility bill. If your current address reflected on the proof of identification, you provided does not match this address, please attach a utility bill or other proof that you resided at the property within the Class Area.

☐ Tenant  -  If marked, you *must* attach a copy of either a valid lease or rental agreement, or a utility bill with your name and the claimed address.

Date you first owned or rented the property at this address_____

Do you currently own or rent property at this address?  ☐ Yes ☐ No

If you answered no to the prior question, date you last owned or rented property at this address: _____

**Claimant's Certification**

By submitting this Claim Form, I declare under penalty of perjury that all statements herein are true and all responses in this Claim Form are true and accurate to the best of my knowledge. Further, that I have read the Notice of Pendency of Class Action Settlement (the "Class Notice") accompanying this Claim Form and understand the referenced Settlement Agreement, which I have had the opportunity to review.

_____Date: _____
Your signature

_____Date: _____
Your Spouse's signature

Your fully completed Claim Form must be postmarked no later than <mark>Month ##, 2025,</mark> to Class Counsel at the following address:

**Liddle Sheets, P.C.**
**Attn: Swift Pork Claims**
**975 Jefferson Ave.**
**Detroit MI 48207-3101**
SWIFT PORK CLAIM FORM

# EXHIBIT 1-F

# PUBLICATION NOTICE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**If you have been an owner-occupant or renter of any residential property located within the defined Class Area near the Swift Pork Company d/b/a JBS USA located at 1200 Story Avenue, Louisville, Kentucky ("Swift Pork") at any time since July 11, 2020, you may be a Class Member entitled to compensation.**

● A proposed settlement has been reached with the owner and operator of the Swift Pork Company d/b/a JBS USA ("Defendant") to resolve claims brought by the Named Plaintiff on behalf of the certified settlement class relating to the alleged emission of noxious odors its pork processing plant. The proposed settlement has been memorialized in a written agreement between the parties (the "Settlement Agreement"). The Court will hold a hearing on _____ to consider whether to grant final approval of the settlement.

● If approved by the Court, the Settlement Agreement requires the Settlement Class Members to release property-related claims. The Agreement requires Defendant to pay $500,000 into a fund (the "Settlement Fund") for the benefit and advantage of the Settlement Class Members, meaning all who participate in and are bound by the proposed settlement and will not be able to sue Defendant for similar claims. Personal injury claims are not released under the Settlement Agreement.

● Attorney's fees of no more than 1/3 of the total settlement value, in addition to litigation expenses, and an incentive award for the Named Plaintiff not to exceed $5,000 may be paid from the Settlement Fund to the extent awarded by the Court.

| Your Legal Rights and Options in this Settlement | | Deadline |
|---|---|---|
| **SUBMIT A CLAIM FORM** | **The only way to get a cash payment.** You must timely submit a valid Claim Form, which can be accessed through the Settlement Website. | Deadline to submit a Claim Form, on or before: |
| **EXCLUDE YOURSELF** | **Receive no payment. Get out of this lawsuit. Retain your right to sue Swift Pork Company d/b/a JBS USA.** If you exclude yourself, you will no longer be a Class Member. This means that you will not be eligible for the benefits in the Settlement. It also means that Class Counsel will not be representing you, and there are statutes of limitations that may bar your individual claims. | Deadline to Exclude yourself (Opt-Out), on or before: |
| **COMMENT OR OBJECT** | **Write to the Court about why you do not like the Settlement.** You must follow the procedures outlined in the Class Notice. You must remain a member of the lawsuit (you cannot ask to be excluded) to object to the Settlement. | Deadline to Comment or Objection, on or before: |
| **DO NOTHING** | **You receive no payment. Remain bound by Settlement.** By doing nothing, you will not recover money from the Settlement. You will also be bound by the Settlement and give up your rights to sue Swift Pork Company d/b/a JBS USA or other affiliated persons or entities (defined as the "Swift Releasees" in the Agreement) separately about the same or similar legal claims in this lawsuit. | |

● This is only a brief summary of your rights under the Settlement Agreement. For more information, including the full class notice and the precise class area that is entitled to seek compensation from the settlement fund, visit the settlement website address at: **www.lsccounsel.com/swiftpork**

● You may also call Class Counsel at 1-800-536-0045 or email your questions to **info@lsccounsel.com**.